### FISKE *v.* ROGERS *et al.*

*(Superior Court of New York City, General Term.* March 14, 1892.)

MECHANICS' LIENS—SUFFICIENCY OF NOTICE.

Under Laws 1882, c. 410, § 1825, requiring that a notice of a lien on moneys due by the city of New York to a contractor shall state the amount of the lien, and from whom the same is due to claimant, a notice which states that the amount claimed was due by a contractor under a contract made with his agent, when the fact was that the alleged agent was a subcontractor, and not an agent, and that the money was due from him, and not from the contractor, is insufficient.

Appeal from judgment on report of referee.

Action by Joseph W. Fiske against John Rogers and others. From a judgment for plaintiff and for defendants other than Rogers, the said Rogers appeals. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Dudley R. Horton,* for appellant. *S. D. Sewards, Albert H. Atterbury, John Brooks Leavitt,* and *L. Laffin Kellogg,* for respondent.

PER CURIAM. The action was to determine the right of the parties, under notices of lien, to money due under a contract made with the city. As to most of the lienors there is a fundamental consideration which will dispose of the appeal as to them. It was found below that the notices of lien filed by them were valid. Volume 2, § 1825, c. 410, Laws 1882. That section requires that a notice shall state the amount of the claim, and from whom due;. whereas the notices now in view stated in legal effect that the amount claimed was due by Rogers, the contractor with the city, under a contract made by Rogers through his agent, one Fortunato. The referee found that this. was not in accordance with the facts, which were that Fortunato was not the agent of Rogers, and the contracts were made with Fortunato, who was a. subcontractor of Rogers. The notices were therefore not within the statute, and were not the foundations of liens. The judgment that was in favor of the plaintiff and the defendants Smith, Brandell, and Curtis & Blaisdell should be reversed, and a new trial ordered, with a single bill of costs, to abide the event. The notice of lien filed by defendants Ritch was objected to on the ground that the contract made with defendant Rogers was in reality made with a firm to which the defendants Ritch had succeeded; but the notice stated that it was made with the defendant. This matter was not open for litigation. The appellants in this answer "affirmatively allege that they entered into a. contract with said defendants Ritch to furnish stone, as alleged in this complaint." The objection to the notice should not be sustained. The facts. connected with the claim of the Ritches cannot be examined, because it does. not appear that all the evidence is in the case that was settled. The judgment as to the respondents Ritch should be affirmed, with costs. No ground. has been claimed for reversing the judgment in favor of Rogers. It is therefore affirmed, with costs. All concur.